FILED
CLERK, U.S. DISTRICT COURT

JUN 2 4 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DYAS<br><br>        Petitioner,<br><br>  vs.<br><br>TOM FELKER, Warden,<br><br>        Respondent. | CASE NO. CV 08-00247 MMM (JWJ)<br><br>ORDER SUPPLEMENTING AND ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

     Pursuant to 28 U.S.C. § 636, the court has reviewed the petition, all of the records and files herein, the Report and Recommendation of United States Magistrate Judge Jeffrey W. Johnson, and the objections filed by petitioner. Based on its *de novo* determination of the issues presented, the court concurs with and adopts the findings and conclusions set forth in Judge Johnson's Report and Recommendation as supplemented by this order:

     In *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793 (2007), the United States Supreme Court noted that

     "[t]he Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established

     a stringent set of procedures that a prisoner 'in custody pursuant to the judgment

of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Id.* at 796.[1]

Petitioner filed a petition for writ of habeas corpus on January 15, 2008 ("2008 Petition"), in which he sought relief from an April 11, 1996 conviction in Los Angeles Superior Court for possession of cocaine in violation of Health and Safety Code § 11350(a).[2]

Petitioner filed an earlier petition on March 1, 1999,[3] which was dismissed with prejudice on January 4, 2002.[4] The 1999 petition raised three claims: (1) that the trial court "committed prejudicial error" and violated petitioner's federal due process rights by denying his mistrial motions;[5] (2) that the trial court violated petitioner's due process rights by instructing the jury

---

[1] See also 28 U.S.C. § 2244 ("(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless – (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense").

[2] Petitioner's 2008 Petition for Writ of Habeas Corpus By a Person in State Custody at 2.

[3] *Dyas v. Galaza*, Case No. CV 99-02184 WDK (JKJ).

[4] Report and Recommendation of United States Magistrate Judge ("2001 Report"), Case No. 99-02184 WDK (JKJ), Docket No. 43, at 1.

[5] 2001 Report at 4-5.

y
w

with CALJIC No. 2.90;[6] and (3) that his sentence of twenty-five years to life under California's "Three Strikes" law constituted cruel and unusual punishment.[7] Because he has previously filed a habeas petition that was denied on the merits, petitioner's pending habeas action is successive. As he did not previously obtain permission from the Ninth Circuit to file the action, it must be dismissed.

For the reasons stated in Judge Johnson's Report and Recommendation,[8] and for the further reasons stated herein, IT IS ORDERED that judgment be entered consistent with this order, dismissing the instant Petition for Writ of Habeas Corpus with prejudice. IT IS FURTHER ORDERED that the clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation, and the Judgment on petitioner by United States mail.

DATED: June 24, 2008

                                                    /s/ Margaret M. Morrow
                                         MARGARET M. MORROW
                                       UNITED STATES DISTRICT JUDGE

---

[6] *Id.* at 11.

[7] *Id.* at 14.

[8] In this regard, the court notes that the Ninth Circuit held in *Butler v. Curry*, __ F.3d __, 2008 WL 2331440 (9th Cir. June 9, 2008), that *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856 (2007), does not articulate a new rule of law as that term is used in *Teague v. Lane*, 489 U.S. 288, 308-10 (1989). Thus, petitioner is not able to invoke 28 U.S.C. § 2244(d)(1)(C) and demonstrate that his petition is timely because it was filed within one year after *Cunningham* was decided on January 22, 2007.